**Opinion issued July 2, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01086-CV

———————————

## IN THE INTEREST OF C. B. & M. B., Children

———————————

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-04586J**

———————————

## MEMORANDUM OPINION[1]

Appellant, the Texas Department of Family and Protective Services, has filed an unopposed motion for voluntary dismissal of its appeal. *See* TEX. R. APP. P. 10.1(a)(5), 10.3(a)(2), 42.1(a)(1). Appellees do not oppose the motion, but instead have filed their own "Motion for Judgment, Award of Costs, and for Immediate

---

[1]    We withdraw our opinion issued May 30, 2019, and issue this corrected one.

Issuance of Mandate." Appellees request that this Court enter a judgment of dismissal that assesses all costs against appellant, securing in appellees the relief to which they are entitled to in the trial court's amended order for sanctions, and to issue the mandate immediately. *See* TEX. R. APP. P. 18.1(c), 42.1(a)(1), (d).

Appellant filed a response in opposition contending that, because the amended order only allows appellees to recover $20,000 each in appellate attorney's fees if they "*successfully defend* the trial court order in the Court of Appeals," appellees did not successfully defend that order because appellant moved to dismiss before any briefs had been filed. Thus, appellant requests dismissal of this appeal without awarding appellees their appellate attorney's fees. *See Keith v. Keith*, 221 S.W.3d 156, 169 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

After this Court's May 30, 2019 Memorandum Opinion and Judgment denied appellees' motion, in part, with respect to awarding appellees their appellate attorney's fees, appellees timely filed this "Motion for Rehearing and for Expedited Issuance of Corrected Judgment and Mandate." Appellees contend that this Court erred by granting DFPS additional relief that it did not request because appellees' motion for judgment never mentioned requesting appellate attorney's fees as they intend to pursue those in an enforcement action before the trial court, which they assert is the proper venue to enforce the amended order. Thus, appellees request that this Court issue a corrected opinion, judgment, and mandate that do not refer to

2

appellate attorney's fees. This Court requested and received a response from the appellant, and appellees filed a reply.

Because appellees' "Motion for Judgment, Award of Costs, and for Immediate Issuance of Mandate" only explicitly requested costs be assessed against appellant, "thereby securing in Appellees the relief to which they are entitled to in the underlying judgment," but it did not explicitly request appellate attorney's fees, their motion for rehearing is granted. We withdraw the Memorandum Opinion, Judgment, and Mandate and issue this corrected opinion, judgment, and mandate in their place. *See* TEX. R. APP. P. 42.1(c). We grant appellees' "Motion for Judgment, Award of Costs, and for Immediate Issuance of Mandate" in part, with respect to taxing appellate costs against appellant that are assessed by the Clerk of this Court, and to expedite the mandate. *See* TEX. R. APP. P. 18.1(c), 42.1(a)(1), (d).

Accordingly, we grant the appellant's motion, dismiss the appeal, direct the Clerk of this Court to issue the corrected mandate simultaneously with the corrected judgment, and order that appellate costs are to be taxed against the appellant. *See* TEX. R. APP. P. 18.1(c), 42.1(a)(1), (d), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Hightower.